004097

Order issued September 18, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01268-CR
No. 05-11-01269-CR

TIEN JUNG KUO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause Nos. F10-55962-J, F10-55963-J

## ORDER

The Court **REINSTATES** the appeals.

On December 21, 2011, we ordered the trial court to make findings regarding why the reporter's record has not been filed. On January 6, 2012, appellant's attorney filed a motion to dismiss the appeals. However, the motion did not comply with Texas Rule of Appellate Procedure 42.2(a) because it was not signed by both appellant and his attorney. We notified appellant of the defect in a letter dated January 9, 2012. To date, we have not received the trial court's findings, the reporter's record, nor a motion to dismiss the appeals that complies with rule 42.2(a). The appeals cannot proceed until the issue of the reporter's record is resolved.

Accordingly, we **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other

reason.

- The trial court shall first determine whether appellant desires to prosecute the appeals. If the trial court determines that appellant does not desire to prosecute the appeals, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeals, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeals.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeals are **ABATED** to allow the trial court to comply with this order. They shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

_____
DAVID L. BRIDGES
JUSTICE

-2-